| | |
|---|---|
| 1 | ISMAIL J. RAMSEY (CABN 189820)<br>United States Attorney |
| 2 | |
| 3 | MARTHA BOERSCH (CABN 126569)<br>Chief, Criminal Division |
| 4 | JONATHAN U. LEE (CABN 148792)<br>Assistant United States Attorney |
| 5 | |
| 6 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495<br>Telephone: (415) 436-7210 |
| 7 | FAX: (415) 436-6748<br>Jonathan.Lee@usdoj.gov |
| 8 | |
| 9 | Attorneys for United States of America |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 23-CR-00191 AMO | |
| | ) | [FILED JUNE 12, 2023] | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| ARAMIYA BURRELL, ET AL, | ) | | |
| | ) | | |
| Defendant. | ) | | |
| | | | |
| UNITED STATES OF AMERICA, | ) | NO. 18-CR-00038 JD | |
| | ) | [FILED FEBRUARY 1, 2018] | |
| Plaintiff, | ) | | |
| | ) | NOTICE OF RELATED CASE IN A CRIMINAL | |
| v. | ) | ACTION | |
| | ) | | |
| ARAMIYA BURRELL, | ) | | |
| | ) | | |
| Defendant. | ) | | |

NOTICE OF RELATED CASES
U.S. v. BURRELL                                                                                   v. 7/10/2018

The United States of America, pursuant to Local Criminal Rule 8-1, hereby notifies the Court that the two above-captioned criminal cases are related. The government seeks to relate the earlier-filed single defendant Form 12 case to the later-filed multi-defendant case in the interests of judicial economy.

In the later filed case, *United States v. Aramiya Burrell, et al.*, CR 23-191 AMO, the Grand Jury returned a second superseding indictment charging Mr. Burrell and eight other defendants with Hobbs Act Conspiracy and substantive Hobbs Act robbery counts. The alleged conduct occurred in 2022-2023, and the Grand Jury returned the second superseding indictment against Mr. Burrell on August 22, 2024. By contrast, in *United States v. Aramiya Burrell*, CR 18-038 JD, the Grand Jury charged Mr. Burrell with violations of 18 U.S.C. 922(g) relating to conduct in 2018. Mr. Burrell's supervised release term began in October 2021, and the Probation Department has charged him with eleven (11) violations alleged to have occurred in 2022-2024. Among these is a charge alleging that Mr. Burrell conspired to commit Hobbs Act robbery (as alleged in the second superseding indictment in CR 23-191 AMO against nine defendants).

In addition, the government proffers these facts in support of the notice. First, the government recently filed a notice of related case for co-defendant Hutchinson on similar grounds, and the Court related the earlier filed Form 12 case to the pending nine-defendant indictment in CR 23-191 AMO.[1] Second, in Mr. Burrell's case, he has sought pretrial release in both actions in recent weeks[2], appearing before two magistrate judges to argue his position under two different standards governing release; defense counsel is currently seeking to re-open detention in CR 23-191 AMO; and the government opposes release in either case.

Based upon these facts, the cases are related within the meaning of Local Rule 8-1(b)(1) because they involve the same defendant, although CR 23-191 AMO also involves eight additional defendants. The events and occurrences in the two cases overlap with respect to the pending Hobbs Act violations

---

[1] *See* ECF No. 214 in CR 23-191 AMO, filed December 27, 2024.

[2] *See* ECF No. 59 (Order re 11/5/24 detention hearing in CR 18-38 JD before Hon. Thomas S. Hixson) and ECF No. 167 (Order of Detention after 10/23/24 hearing in CR 23-191 AMO before Hon. Kandis A. Westmore). Defendant's motion to reopen detention in CR 23-191 AMO is ECF No. 216, filed December 30, 2024.

against multiple defendants. Given that CR 23-191 AMO is proceeding against nine defendants, including Mr. Burrell, judicial economy is best served by relating Mr. Burrell's Form 12 case to the later CR 23-191 AMO case. For these reasons, the cases are sufficiently related within the meaning of Local Rule 8-1(b)(2) because, if heard by separate judges, the actions likely would involve substantial duplication of labor – with respect to Mr. Burrell's case -- by two judges.

For the foregoing reasons, the United States moves for an order relating CR 18-038 JD to the more recent case number CR 23-191 AMO. This will obviate the need for two judges to consider the merits of Mr. Burrell's alleged conduct in 2022-2023, while ensuring that the District Judge assigned to CR 23-191 AMO hears the case as to each of the named defendants in that larger case. The order to relate would also bring the detention proceedings before one magistrate judge who may hear any relevant issues in either case. In sum, relating Mr. Burrell's earlier case to the pending multi-defendant case will promote conservation of judicial resources, as well as the parties' resources. Per Local Criminal Rule 8-1(c)(4), government counsel states that assignment of these cases to a single judge is likely to conserve judicial resources and promote an efficient determination of each action.

DATED: January 2, 2025               Respectfully submitted,

                                     ISMAIL J. RAMSEY
                                     United States Attorney


                                     *Jonathan U. Lee*
                                     JONATHAN U. LEE
                                     Assistant United States Attorney