SHAWN HALBERT
California SBN 179023
Law Offices of Shawn Halbert
217 Leidesdorff Street
San Francisco, California 94111
Telephone: (415) 515-1570
shawn@shawnhalbertlaw.com

JESSE BERKOWITZ
California SBN 291464
803 Hearst Ave
Berkeley, CA 94710
Telephone: 510-947-0300
Jesse@jesseberkowitzlaw.com

Attorney for Defendant
RICKY JOSEPH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES, <br><br> Plaintiff, <br><br> v. <br><br> RICKY JOSEPH <br><br> Defendant. | CASE NO. 4:23:CR-0191 AMO [KW] <br><br> **DEFENDANT'S MEMORANDUM RE DEFENDANT REMAINING ON POST-PLEA RELEASE** [Portions filed under Seal] **[REDACTED]** <br><br> **Date: July 11, 2025** <br> **Time: 1:00 p.m.** <br> **Hon. Hon. Araceli Martínez-Olguín** |

Defendant Ricky Joseph submits this memorandum to address the effect of his change of plea on his pretrial release status. Mr. Joseph was granted pretrial release after Magistrate Judge Westmore reopened the bail proceedings. After a lengthy hearing and over the government's objection, Judge Westmore ordered that Mr. Joseph be released into the custody of four close family members (his wife, two cousins and his aunt), all of whom signed a $100,000 bond as custodians and sureties to show their faith in Mr. Joseph. The court explicitly held that the death of Mr. Joseph's mother was only one of many factors it considered in the release, specifically stating that additional information provided by the defense made it reconsider what it had initially believed about Mr. Joseph's involvement in other acts proffered by the government at the original bail hearing.[1] The court released Mr. Joseph indefinitely, beyond the funeral arrangements and burial of his mother.

Since that time, Mr. Joseph has successfully complied with the conditions of pretrial release, which require that he reside in the halfway house at night and be in the presence of one of his custodian/sureties during the day. He has made all of his court appearances and is thriving on release.

## DISCUSSION

The defense agrees with the government's statement of the law (Dkt. 403) but notes that "exceptional circumstances" are not limited to the examples listed by the government: "By adopting the term 'exceptional reasons,' Congress placed broad discretion in the district court to consider all the particular circumstances of the case before it and draw upon its broad 'experience with the mainsprings of human conduct.'" *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003). In *Garcia*, the court stressed that "a wide range of factors may bear upon the [exceptional reasons] analysis." *Id*. The court listed several factors, that alone or in combination with other factors, may constitute 'exceptional reasons,' but stated that it was highlighting those factors for illustrative purposes, as guidance,

---

[1] At the bail hearings before Judge Westmore, the government proffered that Mr. Joseph was suspected of involvement in sex trafficking in November 2023, that he was near to a homicide in 2023, and that he was a suspect in a homicide in 2015. After the court considered the actual evidence and the arguments of counsel about the actual content and context of the information, it did not find it to be compelling or to justify detention.

1  "plac[ing] **no limit on the range of matters** the district court may consider." *Id.* at 1018-1019

2  (emphasis added), since a court should take stock of the totality of the circumstances. *Id.* at 1019.

3    Because of Pretrial Services' excellent supervision, a much fuller history of Mr. Joseph's trauma

4  came to light. In its extensive interviews with Mr. Joseph, Pretrial Services learned that ▮▮▮▮▮

5  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14   The criminal justice system is not simply about punishment. The Sentencing Reform Act is

15 explicit that rehabilitation is as important a goal of criminal prosecution and sentencing as is

16 punishment. One of the many positive things that can happen as a result of a criminal prosecution and

17 supervision by Pretrial is that people can get help and treatment for trauma that has not previously

18 occurred. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

19 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. He is finally getting the help that he needs.

21   Mr. Joseph pled guilty to a crime of violence, but so did three of his co-defendants, who remain

22 on pretrial release pending sentencing. While it is true that someone pistol whipped a victim, no witness

23 has ever said that was Mr. Joseph, and he proffers that no one expected it. The enhancement is reflected

24 in the sentencing guidelines of the defendants even though they did not actually do the pistol whipping.

25   Notably, Pretrial Services has been so impressed with Mr. Joseph's performance on pretrial

26 release that it recommended that he begin working (which he would very much like to do) and took the

27

28

extraordinary step of sua sponte referring him for CAP. Pretrial Services are the "boots on the ground." They observe Mr. Joseph as they do all of the people they supervise, and that their impression of him was so favorable as to recommend him for CAP (regardless of whether this court allows the process to continue), speaks volumes.

Mr. Joseph's excellent performance on pretrial release is not surprising given what family members had observed about Mr. Joseph in the past two years (post-dating the offense conduct in this case). In its Motion for Bail, Dkt. 287, the defense presented extensive family letters and evidence of Mr. Joseph's rehabilitation in the past two years post-dating the charges in this case, in 2023 and 2024. The defense asks that the court review these letters. His family members noted how he turned his life around and spent lots of time with family, including daily taking care of his mother. Unlike at previous times in his life, he also worked a number of part-time jobs and had gotten a full-time job doing his dream job of working at the San Francisco Parks and Recreation working outdoors and with people (which he lost when he was detained in this case).

Mr. Joseph's low risk of flight satisfies the requirement of § 3145(c) that there be clear and convincing evidence that he not be likely to flee, within the meaning of § 3143(a)(1). It also constitutes exceptional reasons that remand would not be appropriate under 18 U.S.C. § 3145(c). *Cf Garcia*, 340 F.3d at 1022 (reasoning that although lack of risk of danger is a factor under § 3143(a)(1), *exceptionally* low risk of danger goes towards showing exceptional circumstances). Mr. Joseph is incredibly close with his family, including he pregnant wife, as evidenced by the people who were willing to sign on his bond (the court stopped at a certain number but there were many more). Mr. Joseph's adult convictions have been for second degree (car) burglary. The conditions of his release require that he be with a custodian/surety at all times. There is literature showing that nurturing close family bonds reduces recidivism. His continuing to access mental health treatment in a therapeutic environment is important for both him, his family, and for society during either a prison sentence and/or his release. As in *Garcia*, it would be counterproductive to interrupt that treatment in lieu of summary remand to jail. *Id.* at 1022.

# CONCLUSION

Because Ricky Joseph is not dangerous or a flight risk and has begun to receive important trauma counseling and therapy that are not available in jail and that will be protective both of him and of society in the future, and because none of the other co-defendants who were on release have been remanded, there exist exceptional and individualized reasons why detaining him after he pleads guilty would not be appropriate.

Dated: July 8, 2025

/s/
SHAWN HALBERT
JESSE BERKOWITZ
Counsel for Ricky Joseph