MOEEL LAH FAKHOURY LLP
Hanni M. Fakhoury (State Bar No. 252629)
2006 Kala Bagai Way, Suite 16
Berkeley, CA 94704
Telephone: (510) 500-9994
Email: hanni@mlf-llp.com

Attorneys for Garland Rabon

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | Case No.: 4:23-CR-00191-AMO-3 |
|---|---|
| Plaintiff, | **DEFENDANT GARLAND RABON'S MEMORANDUM IN SUPPORT OF CAP ASSESSMENT REFERRAL** |
| v. | |
| GARLAND RABON, | **Court:** Courtroom 3, 3rd Floor |
| Defendant. | **Hearing Date:** August 4, 2025 |
| | **Hearing Time:** 2:00 p.m. |

As directed by the Court, Garland Rabon submits this brief concerning his request for a full Convictions Alternatives Program ("CAP") evaluation. Dkt. 409. On June 18, 2025, Pretrial Services informed the parties it had screened Mr. Rabon for CAP eligibility and found he met the preliminary criteria for the program. Mr. Rabon now makes a limited request: that Pretrial Services conduct a full CAP evaluation. Granting this request guarantees nothing: Pretrial Services could deem Mr. Rabon unsuitable for CAP after completing the evaluation; or if deemed suitable, the Court could still decline to refer him. All this request does is provide the Court with information from which it can exercise its 18 U.S.C. § 3553(a) sentencing discretion. *See United States v. Ruff*, 535 F.3d 999, 1003 (9th Cir. 2008) (court can consider "post-crime maturation and self-rehabilitation" at sentencing).

Because the evaluation has yet to be conducted, any government opposition to Mr. Rabon's request cannot be based on the merits of whether he meets the CAP admission criteria.[1] Instead, its opposition is based solely on the crimes Mr. Rabon has been convicted of and the applicable advisory U.S. Sentencing Guidelines that will apply at sentencing. Neither disqualify Mr. Rabon from participating in CAP—as demonstrated by the numerous defendants similarly situated to him that have been sent to CAP set forth in detail below—and certainly do not disqualify him from merely being referred to Pretrial Services for an evaluation.

CAP is one of the Court's "problem solving courts," which are "evidence-based supervision models" that "meet the needs of participants, reduce recidivism, enhance public safety, lower costs, and improve the lives of participants, their families, and the community."[2] CAP "serves defendants at higher risk of reoffending due to factors such as youth, early onset of substance abuse or delinquency, failed treatment or rehabilitation attempts, or prior felony convictions."[3] Pretrial Services is tasked with "assess[ing] potential participants to confirm that they meet objective criteria for participation."[4]

---

[1] The government's opposition is not unusual: statistics published by the Court show as of July 17, 2025, only 29% of the participants in CAP were "supported" by the U.S. Attorney's Office. Northern District of California ("NDCA"), "Conviction Alternatives Program (CAP) Participants by Offense Category," https://cand.uscourts.gov/wp-content/uploads/CAP-Participant-Offense-Catagory.pdf.

[2] NDCA, *Problem Solving Courts & Programs*, https://cand.uscourts.gov/about-court-programs/problem-solving-courts-programs/.

[3] NDCA, *Problem Solving Courts & Programs*, "The Problem Solving Programs," https://cand.uscourts.gov/about-court-programs/problem-solving-courts-programs/.

[4] NDCA, *Problem Solving Courts & Programs*, "The Process for Assessment for Participation,"

DEFENDANT RABON'S MEMORANDUM IN SUPPORT OF CAP ASSESSMENT REFERRAL
*United States v. Rabon*, 4:23-CR-00191-AMO-3

The "assessments are not provided to the presiding judge before entry of a guilty plea;" when the parties have not agreed to a defendant's participation in CAP, the presiding judge may "refer[a] a case (after entry of a guilty plea) for a full CAP assessment."[5]

Mr. Rabon's conviction for Hobbs Act robbery does not disqualify him from CAP, as the only defendants ineligible for participating in problem solving courts are those "charged with sex offenses or crimes against minors, involved in removal proceedings, or subject to an immigration detainer."[6] The U.S. Attorney's Office has already determined a conviction for Hobbs Act robbery does not disqualify a defendant from a referral to these problem-solving programs, and it has *agreed* to refer other defendants convicted of armed Hobbs Act robbery to problem-solving courts.

In *United States v. Devaughn Sarmiento, et al.,* 4:23-CR-237-HSG, the government indicted three defendants on seven counts of Hobbs Act robbery and one count of Hobbs Act robbery conspiracy. 4:23-CR-237-HSG, Dkt. 1. Although only indicted on seven counts, the government alleged, when seeking detention of the defendants, that they "agreed to, planned, and executed at least 25 armed convenience store robberies" throughout the East Bay. 4:23-CR-237-HSG, Dkt. 15. All three defendants were released on bail and ultimately pleaded guilty to multiple counts of robbery. 4:23-CR-237-HSG, Dkt. 126, 169, 174. All defendants were referred to problem-solving courts. One was referred to CAP. 4:23-CR-237-HSG, Dkt. 183. Another to Leading Emerging Adults to Develop Success ("LEADS"), a program for defendants aged 18 to 26 at the time they committed their offense. 4:23-CR-237-HSG, Dkt. 127. A third was referred to CAP Focus, a program for CAP qualified defendants who require less intensive supervision. *See* 4:23-CR-237-HSG, Dkt. 197. Despite recommending detention at their initial appearances, once released the government did not seek remand after plea; it then *agreed* the defendants could participate in the District's problem-solving courts, as LEADS and CAP Focus require a plea agreement where the government assents to

---

https://cand.uscourts.gov/about/court-programs/problem-solving-courts-programs/.

[5] NDCA, *Problem Solving Courts & Programs*, "The Problem Solving Programs," https://cand.uscourts.gov/about/court-programs/problem-solving-courts-programs/.

[6] NDCA, *Problem Solving Courts & Programs*, "Disqualifying Offenses or Factors," https://cand.uscourts.gov/about/court-programs/problem-solving-courts-programs/.

entry into the programs.[7] Thus Mr. Rabon's conviction does not preclude him from a referral.

Nor does the applicable U.S. Sentencing Guidelines Mr. Rabon faces at sentencing. Defendants facing significant advisory ranges under the U.S. Sentencing Guidelines—including ranges *higher* than the one Mr. Rabon faces—have been referred to CAP.[8]

| Name | Case # | Charges | USSG Range | Judge | Notes |
|------|--------|---------|------------|-------|-------|
| B.W. | 22-282 | Possess drugs for sale | 188-235 | SI | Four firearms found at house |
| J.K. | 23-109 | Possess drugs for sale<br>Felon in possession of firearm | 87-108 | WHO | |
| T.R. | 21-178 | Possess drugs for sale<br>Felon in possession of firearm | 151-188 | VC | |
| K.T. | 17-347<br>17-383 | Distribute drugs, sell firearms w/out license, felon in possession of firearm | 87-108 | VC | Plead day before jury trial |
| J.A. | 16-141 | Possess drugs for sale<br>Felon in possession of firearm | 151-188 | JST | Career offender |
| E.B. | 19-704 | Possess drugs for sale<br>Felon in possession of firearm | 100-125 | EJD | |
| C.F. | 17-342 | Possess drugs for sale | 130-162 | BLF | 21 criminal history points |
| I.F. | 16-514 | Possess drugs for sale<br>Felon in possession of firearm | 140-175 | JST | 5 guns, including AR-15 pistol |
| L.G. | 22-460 | Possess drugs for sale | 188-235 | HSG | Career offender |
| A.N. | 19-612 | Possess drugs for sale | 135-168 | EJD | |
| Q.N. | 14-636 | Felon in possession of firearm | 100-125 | EMC | |
| R.P. | 19-229 | Possess drugs for sale | 151-188 | EJD | Prior state prison sentence |
| T.R. | 18-394 | Distribute drugs<br>Sell firearms w/out license | 108-135 | JST | |

Mr. Rabon respectfully requests this Court refer him for a full CAP evaluation.

Dated:   July 30, 2025               Respectfully submitted,

                                     MOEEL LAH FAKHOURY LLP

                                     *s/ Hanni M. Fakhoury*
                                     Hanni M. Fakhoury
                                     Attorneys for Garland Rabon

---

[7] Alternative Sentencing Programs in the Northern District of California, Agreement Among Stakeholders at 1-2, https://cand.uscourts.gov/wp-content/uploads/Stakeholder-Agreement-for-Presentence-programs.pdf.

[8] Almost every one of these defendants was convicted of distributing drugs under 21 U.S.C. § 841, a crime with a maximum punishment of at least ten years, and thus subject to the same statutory provisions concerning remand, faced by Mr. Rabon. *See* 18 U.S.C. §§ 3142(f)(1)(C), 3143(a)(2).